IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-00754-CNS-NRN

MARY JOANNE DEZIEL TIMMINS,

    Plaintiff,

v.

JOHN KEISS HENDERSON,
ALEX PLOTKIN, in his individual capacity,
JEFFREY BAKER, in his individual capacity,
KAREN MORGAN, in her individual capacity, and
GREEN MOUNTAIN WATER AND SANITATION DISTRICT, a municipal corporation,

    Defendants.

## ORDER

Before the Court is Defendant John Keiss[1] Henderson's Special Motion to Dismiss Pursuant to C.R.S. § 13–20–1101 (ECF No. 45).[2] For the reasons set forth below, the Court DENIES Defendant Henderson's Special Motion (ECF No. 45).

### I. BACKGROUND[3]

---

[1] Defendant Henderson contends that his name in the case caption is misspelled (ECF No. 45 at 1 n.1). This alleged misspelling is also reflected in Ms. Timmins' Amended Complaint and her filings related to Defendant Henderson's Special Motion (*see, e.g.,* ECF Nos. 73 at 1 ¶ 1 and 79). The parties are directed to confer and file a joint motion to correct the caption, if appropriate.

[2] Defendant Henderson filed his Special Motion in June 2022 (ECF No. 45). After the Court issued its December 2022 Order regarding the motions to dismiss Ms. Timmins' Complaint, Defendant Henderson filed a Renewed Special Motion to Dismiss and Notice of Supplemental Authority (ECF No. 76). The Court terminated Defendant Henderson's Renewed Motion, given that his Special Motion to Dismiss (ECF No. 45) remained pending before the Court, and construed his Renewed Motion as a Notice of Supplemental Authority related to his Special Motion pending before the Court (ECF No. 84).

[3] The background facts are taken from the well-pleaded allegations in Ms. Timmins' Amended Complaint. *See Porter v. Ford Motor Co.*, 917 F.3d 1246, 1248 n.1 (10th Cir. 2019).

1

The Court summarized the allegations in Ms. Timmins' Amended Complaint in its March 7, 2023, Order, and incorporates its summary of the Amended Complaint's allegations here (*see* ECF No. 89 at 2-4). The Court recites below allegations from the Amended Complaint relevant to its analysis of Defendant Henderson's Special Motion.

Based on Ms. Timmins' statements regarding their alleged misconduct, Defendants Plotkin, Morgan, Baker, and Henderson conspired to make disparaging and false statements about Ms. Timmins on Defendant Henderson's "published blog" called the "The Rooney Valley News" (ECF No. 73 at 31 ¶¶ 88-89). Defendant Henderson used this blog to "publish matters relating to the District's business and legal affairs" (*id.* at 31 ¶ 89). In a blog post dated April 7, 2021, Defendant Henderson published allegedly false statements that Ms. Timmins was operating against the District's interests, particularly that Ms. Timmins had "made the decision" to "sell a new IGA to Rooney Valley developers" and was working to "sell it to the other board members and the public" (*id.* at 32 ¶ 90 (quotations omitted)).

In an April 16, 2021, blog post, Defendant Henderson stated that Ms. Timmins was "representing one board member against the majority," again maligning her reputation (*id.* at 32-33 ¶¶ 92-93). In this same post, Defendant Henderson stated that Ms. Timmins was "overwhelmed" as the District's legal counsel and was not ready for trial (*id.* at 34 ¶ 95; *see also id.* at 35-36 ¶ 97 (quotations omitted)). Defendant Henderson's April 16, 2021, blog post was also made "to confuse the directors by implying" that Ms. Timmins, as the District's legal counsel, "owed a duty to represent board members individually," rather than stating that "her actual duty" was to represent the District in litigation (*id.* at 33 ¶ 93). Defendant Henderson also stated in the blog post that Ms. Timmins wanted to provide services "outside the district" (*id.* at 35 ¶ 99 (quotations omitted)). The alleged statements made in Defendant Henderson's April 16, 2021, blog

2

post were "false," made to "disparage" Ms. Timmins' reputation, and to "undermine the public's and board's confidence in [her] legal ability" to serve as the District's legal counsel (*id.* at 34 ¶ 96).

In an April 30, 2021, blog post, Defendant Henderson made allegedly false statements that Ms. Timmins failed to "claim a jury trial in the Big Sky case" in order to disparage her reputation and undermine the public and Board's confidence in her legal abilities as the District's legal counsel (*id.* at 36 ¶ 101). In this same blog post, Defendant Henderson stated that Ms. Timmins "should be terminated" and withdrawn "from her representation of the [D]istrict in any litigation" (*id.* at 37 ¶ 102). In a May 16, 2021, blog post, Defendant Henderson made the allegedly false statement that Ms. Timmins had fired "counsel Gessler" (*id.* at 37 ¶ 103 (quotations omitted)). Defendant Henderson also stated in his blog post that Ms. Timmins was "unilaterally setting up and attending a meeting with the plaintiffs to discuss settlement," as well as that it was "time for new counsel" (*id.* at 38-39 ¶¶ 105-06 (quotations omitted)). In a June 26, 2021, blog post, Defendant Henderson made the allegedly false statements that Ms. Timmins had worked "overtime to push the majority directors to settle with the Big Sky developers and sign a new IGA," and that Ms. Timmins had made "multiple threats" against her own clients (*id.* at 39 ¶ 107, 109 (quotations omitted)).

In a July 3, 2021, blog post, Defendant Henderson made the allegedly false statement that Ms. Timmins' professional performance was a "constant issue" and that she fought to advance "Director Hanagan's position against the majority" (*id.* at 40 ¶ 110 (quotations omitted)). Defendant Henderson further stated in an August 5, 2021, blog post that Ms. Timmins "paid for her awards of recognition for her legal abilities," including an award regarding her "AV Preeminent rating" (*id.* at 41 ¶ 111 (quotations omitted)). In an August 7, 2021, blog post,

3

Defendant Henderson made several allegedly false statements about Ms. Timmins, including that Mr. Gessler, not Ms. Timmins, had been "doing much of the work the past year," as well as that Ms. Timmins had made "false allegations" against Board members and that she "should be fired" (*id.* at 41-42 ¶¶ 112-13 (quotations omitted)).[4] In an August 20, 2021, blog post, Defendant Henderson made the allegedly false statement that Mr. Gessler was handling "more of the case" than Ms. Timmins "during the past year" (*id.* at 43 ¶ 115 (quotations omitted)). In a September 17, 2021, blog post, Defendant Henderson made additional allegedly false statements, including that Ms. Timmins missed a litigation filing deadline "for about $50,000 in costs," that she "failed to meet the deadline for filing a jury demand as to the main case," and that she failed to adequately represent the District (*id.* at 44-45 ¶¶ 116-17 (quotations omitted)). Defendant Henderson stated in an October 3, 2021, blog post that Ms. Timmins engaged in "unethical and divisive manipulation" of the Board (*id.* at 46 ¶ 118 (quotations omitted)). At the time Ms. Timmins filed her Amended Complaint, Defendant Henderson was "continu[ing] to make false and defamatory statements" about her (*id.* at 47 ¶ 119).

The Court summarized this case's procedural history in its March 7, 2023, Order (ECF No. 89 at 3-4). In its March 7, 2023, Order, the Court granted the District Defendants' Motion to Dismiss Plaintiff's Amended Complaint and Defendant Henderson's Renewed Partial Motion to Dismiss Plaintiff's Amended Complaint (ECF Nos. 74 and 75). Accordingly, the Court dismissed Ms. Timmins' third, fourth, and fifth claims with prejudice (ECF No. 89 at 13). In its March 7, 2023, Order, the Court stated that—after determining whether dismissal with prejudice of Ms. Timmins' three federal law claims against the District Defendants was warranted—it would rule

---

[4] Interestingly, Ms. Timmins appears to allege that Defendant Henderson's August 7, 2021, blog post was "seen and read on or about *July 3, 2021*, by members of the public" (*id.* at 42 ¶ 112 (emphasis added)). The Court notes that August 7, 2021, post-dates July 3, 2021, and queries whether—even accepting the allegations in Ms. Timmins' Amended Complaint as true—members of the public could have seen the August blog post in July.

4

on the instant Special Motion to dismiss Ms. Timmins' two state law claims against Defendant Henderson (ECF No. 89 at 13 n.3). The Special Motion is fully briefed.

## II. LEGAL STANDARD & APPLICABILITY OF C.R.S. § 13–20–1101

As a preliminary matter, the parties dispute whether C.R.S. § 13–20–1101, Colorado's anti-SLAPP statute, is applicable in federal court (*Compare* ECF No. 45 at 9, *with* ECF No. 55 at 2).[5] The Court agrees with Defendant Henderson that Colorado's anti-SLAPP statute is applicable in federal court. The Court had recent occasion to consider this exact issue and arguments regarding Colorado anti-SLAPP statute's applicability in federal court that were nearly identical to those the parties make here. *See Moreau v. United States Olympic & Paralympic Comm.*, No. 1:20-cv-00350-CNS-MEH, --- F. Supp. 3d ---, 2022 WL 17081329, at *2–8 (D. Colo. Nov. 18, 2022). The Court incorporates its analysis in *Moreau* into its Order. *See id.* At bottom, and for the reasons set forth in *Moreau*, "Colorado's anti-SLAPP law is applicable in federal court." *Id.* at *6.

As the Court explained in *Moreau*, "[i]f the anti-SLAPP motion mounts a legal challenge, courts assess the motion under Federal Rule of Civil Procedure 12(b)(6) . . . . If the anti-SLAPP motion mounts a factual challenge, courts assess the motion under Federal Rule of Civil Procedure 56." *Id.* at *7 (citing *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir.), *amended*, 897 F.3d 1224 (9th Cir. 2018)). When an anti-SLAPP motion challenges the factual sufficiency of a claim, "discovery must be allowed, with opportunities to supplement evidence based on the factual challenge before any decision is made by the court." *Moreau*, 2022 WL 17081329, at *7 (citing *Planned Parenthood*, 890 F.3d at 834); *see also Todd v. Lovecruft*, No. 19-CV-01751-DMR, 2020 WL 60199, at *8 (N.D. Cal. Jan. 6, 2020) ("If [the challenges] are factual, then the court must permit discovery under Rule 56.").

---

[5] "SLAPP" stands for "Strategic Lawsuits Against Public Participation."

Having determined that Colorado's anti-SLAPP law applies to Ms. Timmins' state law claims and set forth the legal standard for analyzing Colorado anti-SLAPP motions in federal court, the Court proceeds in its analysis of Defendant Henderson's Special Motion.

### III. ANALYSIS

The Court has considered Defendant Henderson's Special Motion, the related briefing, Ms. Timmins' Amended Complaint, and relevant legal authority. For the following reasons the Court denies Defendant Henderson's Special Motion, considering his challenges to Ms. Timmins' claims in turn.

#### A. The Defamation Claim

In his Special Motion, Defendant Henderson mounts what is essentially a factual challenge to Ms. Timmins' first claim for "Defamation – Libel and Slander Per Se." (ECF No. 73 at 49). *See also* ECF No. 45 at 16 (contending that Ms. Timmins cannot meet her burden on her defamation claim because she cannot establish certain facts by "clear and convincing evidence"); *id.* at 18 (attaching affidavit from Defendant Henderson in "anticipation of rebutting any evidence or arguments [Ms. Timmins] may submit" regarding falsity and actual malice of statements); *id.* at 20 ("[Defendant] Henderson's affidavit outlines *factual bases* for each of the at-issue statements" (emphasis added)); *id.* at 5. Ms. Timmins contends that her defamation claim survives dismissal because Defendant Henderson's statements are not covered by the anti-SLAPP statute, as well as that she has a likelihood of prevailing on her claim (*see, e.g.,* ECF No. 55 at 8, 13).

The Court agrees with Defendant Henderson that its analysis of Ms. Timmins' defamation claim requires a two-step inquiry (*see, e.g.,* ECF No. 45 at 3). *See also Moreau*, 2022 WL 17081329, at *7 (explaining anti-SLAPP statute's "two-step framework"). However, given that Defendant Henderson's challenge to Ms. Timmins' defamation claim is *factual* in nature, the Court

6

cannot rule on Defendant Henderson's challenges at this time. "[W]hen an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, then the Federal Rule of Civil Procedure 56 standard will apply . . . . [i]n such a case, discovery *must be allowed*, with opportunities to supplement evidence based on the factual challenges, *before any decision* is made by the court." *Planned Parenthood*, 890 F.3d at 834 (emphasis added). Accordingly, the Court must defer ruling on Defendant Henderson's factual challenges to Ms. Timmins' defamation claim until the parties have conducted discovery. *See Moreau*, 2022 WL 17081329, at *11 ("[M]indful that [the plaintiff] has also mounted factual challenges to [the counterclaims], the [c]ourt *must assess those challenges after the parties have conducted discovery*." (citing *Planned Parenthood*, 890 F.3d at 834) (emphasis added)).

### B. The Intentional Interference Claim

Defendant Henderson also mounts factual challenges to Ms. Timmins' claim for "Intentional Interference with Contract" (ECF No. 73 at 50). *See also* ECF No. 45 at 18; *id.* at 21-22 (arguing that Ms. Timmins "cannot set forth evidence" in support of her intentional interference claim).[6] Ms. Timmins' basic argument is that Defendant Henderson's statements "establish [his] liability" for her intentional interference with contract claim (ECF No. 55 at 23 (capitalization omitted)). For the same reasons set forth in its discussion of Defendant Henderson's challenge to Ms. Timmins' defamation claim, because Defendant Henderson's challenge to Ms. Timmins' intentional interference claim is fundamentally factual, the Court cannot rule on the merits of Defendant Henderson's challenge to the intentional interference claim at this time. The Court must first give the parties the opportunity to conduct discovery in order to supplement the factual record

---

[6] Although Defendant Henderson at one point in his Special Motion states that certain allegations are "insufficient to withstand scrutiny" under Rule 12(b)(6), the gravamen of Defendant Henderson's challenge to Ms. Timmins' intentional interference claim is ultimately factual (*see* ECF No. 45 at 22).

7

before ruling on Defendant Henderson's factual challenges. *See, e.g., Moreau*, 2022 WL 17081329, at *11; *Planned Parenthood*, 890 F.3d at 834.

The Court makes one final observation. In support of their briefs, the parties have submitted numerous exhibits (*See generally* ECF Nos. 45 and 55). This underscores the factual nature of Defendant Henderson's challenge to Ms. Timmins' claims. However, in ultimately assessing Defendant Henderson's factual challenges, the Court need only allow the parties the opportunity to conduct discovery so as to supplement the factual record. *See Planned Parenthood*, 890 F.3d at 834 (stating that in factual challenges "discovery must be *allowed*, with *opportunities* to supplement evidence based on the factual challenges" (emphasis added)). The parties are not *required* to conduct discovery before the Court may rule on Defendant Henderson's Special Motion. They may—if they choose to do so—file a joint, unopposed motion waiving their right to conduct discovery, and request that the Court rule on Defendant Henderson's challenges based on the factual record currently before the Court under the Rule 56 standard. *See Todd*, 2020 WL 60199, at *9 (concluding that where "the parties ha[d] explicitly waived their right to conduct discovery" and "requested that the court rule on" the factual challenges that the court could "rule on the factual challenges in [an anti-SLAPP] motion without requiring the parties to conduct discovery" (citing *Planned Parenthood*, 890 F.3d at 834)). If the parties file such a motion, the Court will rule on Defendant Henderson's factual challenges based on the current factual record. If the parties do not jointly agree to waive their right to conduct discovery, then the Court must permit discovery under Rule 56 before ruling on Defendant Henderson's challenges.

## IV. CONCLUSION

Consistent with the above analysis, Defendant Henderson's Special Motion (ECF No. 45) is DENIED without prejudice. The parties may, should they choose to do so, file a joint, unopposed

motion regarding a discovery waiver within fourteen days of this Order. Regardless of the parties' decision to waive discovery as it relates to Defendant Henderson's Special Motion, because the Court has now issued its ruling on Defendant Henderson's Special Motion, the case's discovery stay (*see* ECF Nos. 48, 68 at 2) is LIFTED. If in the event that either party declines to waive its right to conduct discovery, the parties shall contact Magistrate Judge Neureiter to set a status conference within fourteen days of this Order. After setting a status conference and any discovery deadlines, then Defendant Henderson may, if he chooses to do so, file a renewed anti-SLAPP motion after the parties have conducted discovery to supplement the evidence before the Court.

DATED this 10th day of March 2023.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge